UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN JOYCE, Individually and for Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>COLTER ENERGY SERVICES USA INC.,<br>    Defendant. | CASE NO. 2:22-CV-01367<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED CLASS ACTION COMPLAINT

1. Plaintiff Bryan Joyce ("Joyce") brings this class action lawsuit against Defendant Colter Energy Services USA Inc. ("Colter") for violations of the Pennsylvania Minimum Wage Act ("PWMA") and the Wage Payment and Collection Law ("WPCL").

2. Plaintiff and the Class Members (defined below) regularly worked over 40 hours a week for Defendant, but were not paid for all of the hours they worked each week.

3. Plaintiff Joyce brings this class action to recover unpaid wages (including regular and overtime hours) and other damages due to Plaintiff and the Class Members from Colter.

### I.   JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this Action pursuant, 28 U.S.C. §1332(a). *See* Dkt. 1, ¶ 5.

5. This Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

6. Additionally, venue is proper under 28 U.S.C. § 1391 because the cause of action arose in this District. *See* Dkt. 1, ¶ 13.

### II.  PARTIES

7. Plaintiff Bryan Joyce is an individual who resides in Pennsylvania and has been employed by Colter as a as a Field Supervisor since approximately March 2015.

8. Defendant Colter Energy Services USA Inc. is a for-profit corporation registered to do business in Pennsylvania. Defendant Colter removed this action from state court to this Court and has since filed an Answer to Plaintiff's original Complaint.

9. At all times relevant herein, Colter acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Colter.

10. Plaintiff brings this action as a statewide class action to recover unpaid wages, including overtime wages, pursuant to the PWMA and the WPCL.

11. Specifically, Plaintiff brings this lawsuit for himself and on behalf of the following similarly situated workers to be certified as a class under FED. R. CIV. P. 23 and defined as:

> **All current and former Hourly-Paid employees of Colter Energy employed in or based out of, the Commonwealth of Pennsylvania during the three years preceding August 30, 2022 (the "Class Members").**

12. Plaintiff and the Class Members are similarly situated and their identities, contact information, payroll and time-keeping records easily ascertainable from Colter's business and personnel records.

### III. FACTS

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Colter specializes well completion related products and services and operates a facility based in Washington, Pennsylvania.

15. Joyce has worked for Colter since March 2015 as an hourly Field Supervisor at Colter's facility located in Washington County, Pennsylvania.

16. Colter employs other hourly workers (including Field Supervisors) at who are based out of the Washington facility.

17. Colter classified Joyce and the Class Members as non-exempt employees.

18. Colter paid Joyce and its other workers on an hourly basis.

19. Joyce and other employees frequently work over 40 hours per week.

20. Joyce and other Colter employees were only paid for work performed between their scheduled start and end times and were not paid for work performed before or after their scheduled times or during their meal breaks. For example, Joyce and other employees were not correctly paid for the following types of activities:

   a. Driving and transporting other Colter employees from their hotels and dropping them off at their job sites;
   b. Driving to and from a worker's job site;
   c. All work performed while waiting for Colter's system to prepare a digital ticket for a worker each day;
   d. All work performed after the pre-determined end of shift time listed on a worker's digital ticket;
   e. All work performed during a worker's lunch break;
   f. Performing pre-shift checklist items to meet safety and/or regulatory requirements for the work being performed;
   g. Attending and participating in Colter's mandatory and extensive online training courses;

21. Notably, Colter paid other ranks of employees (such as assistants) for their time spent driving to and from work and while attending training courses.

22. Colter required that their employees be at their work areas and performing their work no later than their scheduled start time.

23. Plaintiff and other Colter employees were required to arrive at work early and perform their pre-shift work before their scheduled start times but were not paid for performing this pre-shift work.

24. The aforementioned work performed by Joyce and Colter's employees was an integral and indispensable part of their principal activities, was required by Colter, and was performed for Colter's benefit.

25. Picking up supervised employees and taking online courses were necessary elements of Joyce and other Colter employees' principal activities and are tasks with which Joyce and other Colter employees cannot dispense if they are to perform their principal activities.

26. For example, the amounts of time Joyce and other workers spent on this required and unpaid work covered up to two or more hours a day for drive time, approximately 12-18 hours a year for online training, the wait time lag time between the time a worker logged in electronically and when his or her ticket was actually made, and post-shift or post-ticket tasks workers were required to perform after completing a ticket.

27. As a result of Colter's practices and policies, Joyce and other Colter employees were not compensated for all the time they worked, including all the overtime hours they worked over 40 each workweek.

28. Defendant knew Plaintiff and the Class Members worked more than 40 hours in a week; therefore, Defendant's failure to pay overtime to Plaintiff and the Class Members was a willful violation of the PMWA and the WPCL.

## IV. CLASS ACTION ALLEGATIONS

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff brings this action as a Rule 23 class action to recover unpaid wages, including overtime wages, for Pennsylvania workers who were not properly compensated pursuant to the PWMA and the WPCL.

31. Based on his experience with Defendant, Plaintiff is aware that Defendant's illegal pay practice was imposed on the Class Members.

32. Plaintiff alleges on behalf of members of the Class Members that Defendant violated the PMWA and the WPCL by: (i) failing to pay appropriate minimum wages for all hours worked; (ii)

improperly denying overtime wages for all hours worked over 40 hours in a workweek; and (iii) failing to timely and properly pay their employees' wages.

33. Common questions of law or fact exist as to the Class that predominate over any questions affecting them individually, which include, but are not limited to:

   a. Whether Colter employed Plaintiff and the Class Members within the meaning of the PMWA and the WPCL;
   b. Whether Defendant failed to pay Plaintiff and the Class Members minimum wages for each hour they worked;
   c. Whether Defendant failed to pay Plaintiff and the Class Members overtime compensation for all hours worked past 40 hours per week;
   d. Whether Plaintiff and the Class Members are entitled to compensatory damages and if so, the means of measuring such damages;
   e. Whether Defendant illegally failed to pay wages due on Plaintiff and the Class Members' next payroll check(s) or payroll period and if so, whether these employees are automatically entitled to liquidated damages;
   f. Whether Defendant's conduct was committed with knowledge and/or willfully;
   g. Whether Plaintiff and the Class Members are entitled to restitution; and
   h. Whether Defendant is liable for Plaintiff and the Class Members' attorney's fees and costs.

34. Plaintiff's claims are typical of the claims of the Class he seeks to represent.

35. Plaintiff's working relationship with Colter is similar to that of the Class Members.

36. Plaintiff's work schedule is typical of the Class Members.

37. All of Colter's hourly employees worked similar hours and were denied overtime as a result of the same illegal off the clock pay practice.

38. Plaintiff and Class Members work and/or have worked for Colter and were subject to the same compensation policies and practices, including not being compensated for all hours worked. Accordingly, any variance as to specific job titles and/or precise job locations of the Plaintiff and the Class Members do not prevent class treatment.

39. Even if their job titles and precise job duties differ, Colter subjected Plaintiff and the Class Members to the same or similar illegal pay practice for similar work.

40. Plaintiff will fairly and adequately protect the interests of the Class as his interests are in alignment with those of Class Members. Like each hourly-paid employee, Plaintiff has an interest in obtaining the unpaid overtime wages owed to him under state law. He has no interests adverse to the Class he seeks to represent and has retained competent and experienced counsel.

41. The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual Class Members may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for Class Members to individually seek redress for the wrongs done to them by Defendant. Absent this action, many Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the PMWA and WPCL. Furthermore, even if some Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

42. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

43. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Class Members and provide for judicial consistency.

44. Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making final injunctive relief, or corresponding declaratory relief with respect to the Class as a whole, appropriate.

45. Plaintiff and the Class he seeks to represent have suffered and will continue to suffer irreparable damage from Defendant's illegal pay policy and practices.

## V. **VIOLATIONS OF THE PWMA**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Defendant's conduct violated the PMWA (43 Pa. Stat. Ann. § 333.104).

48. At all relevant times, Defendant was subject to the requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

49. During all relevant times, Plaintiff and Class Members (defined above) were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

50. Defendant's compensation scheme that is applicable to Plaintiff and Class Members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

51. The PMWA requires employers like Defendant to pay employees one and one-half (1.5) times the regular rate of pay for hours worked over 40 hours in any one week.

52. The PMWA also requires employers like Defendant to pay employees a minimum wage of $7.25 per hour.

53. Defendant had a policy and practice of not paying Plaintiff and Class Members for all hours worked pre-shift, post shift and outside of their scheduled hours and failing to pay these workers overtime for all hours worked over 40 hours per week.

54. Defendant has acted willfully and has engaged in a continuing violation of the PWMA.

55. Plaintiff and Class Members seek unpaid overtime in an amount equal to 1.5 times the regular rate of pay for work performed over 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

56. Plaintiff and Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the Court.

### VI. **VIOLATIONS OF THE WPCL**

57. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58. At all relevant times, Defendant has employed and/or continues to employ Plaintiff and the Class Members within the meaning of the WPCL.

59. Pursuant to the WPCL, 43 Pa. S. §260.1 et seq., Plaintiff and the Class Members were entitled to receive all compensation earned, due, and owing to them on their regular payday.

60. As a result of Defendant's unlawful practice, Plaintiff and the Class Members have been deprived of compensation earned, due, and owing.

61. Under the WPCL, Plaintiff and the Class Members are entitled to recover the amount of their unpaid wages and other damages from Defendant.

## VII.    JURY DEMAND

62. Joyce demands a trial by jury.

## VIII.    PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. An Order designating this action as a Class Action pursuant to FED. R. CIV. P. 23 and on behalf of the Class with prompt issuance of notice to apprise the Class of the pendency of this action;
   b. An Order appointing Plaintiff and their counsel to represent the interests of the Class Members;
   c. An Order Judgment awarding Joyce and the Class Members all unpaid wages and other damages available under the PMWA and WPCL, as well as liquidated damages available under the WPCL;
   d. An Order finding Defendant liable for violating the aforementioned laws and awarding Plaintiff and the Class Members their reasonable attorneys' fees and expenses as provided by the PMWA and WPCL;
   e. An Order awarding Plaintiff and the Class Members their attorneys' fees, costs, and pre-and post-judgment interest;
   f. An Order granting such other and further relief as may be necessary and appropriate; and,
   g. Such other and further relief as this Court may deem necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    PA Bar 308410
    **Andrew W. Dunlap**
    Texas Bar No. 241078444
    **Alyssa J. White**
    Texas Bar No. 24073014
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    awhite@mybackwages.com

    **AND**

    **Joshua P. Geist**
    PA ID No. 85745
    **William F. Goodrich**
    PA ID No. 30235
    **GOODRICH & GEIST PC**
    3634 California Ave.
    Pittsburgh, Pennsylvania 15212
    412-766-1455 – Telephone
    412-766-0300 – Facsimile
    josh@goodrichandgeist.com
    bill@goodrichandgeist.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, the foregoing document was served by ECF electronic filing on all known parties.

*/s/ Michael A. Josephson*
**Michael A. Josephson**
